UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LESAUNDRA JENKINS,<br><br>  Plaintiff,<br><br>  v.<br><br>BEA HINSON, et al.,<br><br>  Defendants. | Case No. 1:12-cv-00379-DLB PC<br><br>**ORDER DISMISSING ACTION WITHOUT PREJUDICE** |

I. **Background**

Plaintiff LeSaundra Jenkins ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR"). Plaintiff is proceeding pro se and in forma pauperis in this civil action pursuant to 42 U.S.C. § 1983. On March 13, 2012, Plaintiff filed her complaint. ECF No. 1.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

1

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). While factual allegations are accepted as true, legal conclusions are not. *Id.*

## II.    Summary of Complaint

Plaintiff is incarcerated at Valley State Prison for Women ("VSPW") in Chowchilla, California, where the events giving rise to this action occurred. Plaintiff names as Defendants: Bea Hinson, case records manager; Warden Walt Miller; C&PR M. Graves; captain Kamal; CC II Cerrillo; appeals coordinator M. Wilson; associate warden Gloria Colmero; LeeAnn Sauceda, and Pamela Webster.

Plaintiff alleges the following. On April 5, 2011, Plaintiff discovered an error in the felony amended complaint. Plaintiff used the CDCR's appeal process to attempt to correct the error made by Judge Steven Hintz. Plaintiff was interviewed by Defendant Hinson for a *Maygood* hearing.[1] Defendant Hinson informed Plaintiff that if she was dissatisfied with the outcome, she could file a form 602 inmate appeal. However, the 602 inmate appeal was granted. Plaintiff contends that it is CDCR's responsibility to contact the appropriate agency once a sentencing error is discovered. On December 19, 2011, a legal processing unit form was finally sent. Plaintiff includes several exhibits with her complaint, which indicate that Plaintiff contends that she was improperly sentenced to life with the possibility of parole, rather than a term of five years.

Plaintiff contends a violation of the Due Process and Equal Protection Clause of the Fourteenth Amendment. Plaintiff requests as relief compensatory and punitive damages for the prolonged, illegal detention.

## III.    Analysis

The procedural guarantees of the Fourteenth Amendment's Due Process Clause apply only

---

[1] It is unclear what Plaintiff refers to by a *Maygood* hearing.

2

1  when a constitutionally protected liberty or property interest is at stake. *Jackson v. Carey*, 353 F.3d
2  750, 755 (9th Cir. 2003). A prisoner possesses a liberty interest under the federal constitution or
3  state law when a change occurs in confinement that imposes an "atypical and significant hardship . .
4  . in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995).

5  However, where a § 1983 action seeking damages alleges constitutional violations that would
6  necessarily imply the invalidity of the conviction or sentence, the prisoner must establish that the
7  underlying sentence or conviction has been invalidated on appeal, by a habeas petition, or through
8  some similar proceeding. *Heck v. Humphrey*, 512 U.S. 477, 483-97 (1994). This is known as the
9  favorable termination rule. Here, it is clear that if Plaintiff were to prevail in this action, the validity
10 of her sentence would be undermined. Thus, Plaintiff must first establish by a writ of habeas corpus
11 or similar proceeding that the underlying sentence has been invalidated before proceeding with this §
12 1983 action. Plaintiff's action is not cognizable before the Court and must be dismissed without
13 prejudice.

## IV.   Conclusion

The Court does not find that further leave to amend should be granted because Plaintiff cannot cure the defect in her pleadings. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc). Based on the foregoing, it is HEREBY ORDERED that this action is dismissed without prejudice for violation of the favorable termination rule of *Heck v. Humphrey*, 512 U.S. 477 (1994). The Clerk of the Court is directed to close this action.

IT IS SO ORDERED.

Dated:   **October 18, 2012**                    /s/ *Dennis L. Beck*
                                                  UNITED STATES MAGISTRATE JUDGE

3